O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY L. MALESOVAS and JOHN H. CRICHTON INVESTMENTS, L.L.C., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3122 |
| KENNETH R. SANDERS, RICK G. LESTER, JOHN J. CONKLIN, JR., RALPH P. DAVIDSON, ADAM P. GODFREY, EDWARD PARK, and WARD W. WOODS | § § § § § § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiffs Jerry L. Malesovas's and John C. Crichton Investments, L.L.C.'s Motion for Remand (Document No. 6). After having carefully reviewed the motion, response, reply, surreply, and the applicable law, the Court concludes that the motion to remand should be GRANTED.

I.   Background

This action was filed in state court by shareholders of Contour Energy Company ("Contour") against several former Contour officers and directors. Plaintiffs Jerry L. Malesovas and John H. Crichton Investments, L.L.C. (collectively, "Plaintiffs") allege

that Defendants Kenneth Sanders, Adam Godfrey, Ward Woods, Rick
Lester, John Conklin, Jr., Ralph Davidson, and Edward Park
(collectively, "Defendants") committed various "wrongful actions"
while serving as officers and directors of Contour, including
"self-dealing, fraud, breaches of fiduciary duties, gross
negligence, wilful misconduct, negligence, and negligent
misrepresentations in connection with a number of transactions
prior to the bankruptcy of [Contour] and the subsequent transfer of
its assets to Samson Investment Company." Id. ¶ 12.[1] Plaintiffs
allege that they "were harmed by the loss of value of their shares
of stock in [Contour] as well as [by the loss of] opportunities to
increase the value of their stock in [Contour]" as a result of
Defendants' wrongful conduct, and Plaintiffs seek actual and
exemplary damages from Defendants. Id. ¶¶ 12, 36-37.

Defendant Sanders removed the suit to this Court pursuant to
28 U.S.C. §§ 1334 and 1441(a), asserting that Plaintiffs' claims
arise under the Bankruptcy Code and relate to the Chapter 11 case
of Contour. *See* Document No. 1 ¶¶ 9-10.[2] Specifically, Sanders

---

[1] Contour filed a voluntary petition for Chapter 11 bankruptcy
protection on July 15, 2002, and the bankruptcy court entered an
order confirming Contour's First Amended Debtors' Plan of
Reorganization (the "Contour Plan") on December 18, 2002 (the
"Confirmation Order"). *See* Document No. 9 ¶¶ 1, 8; exs. B-C.

[2] In response to Plaintiffs' remand motion, Sanders alleges
for the first time that his removal was also proper under 28 U.S.C.
§ 1452. *See* Document No. 9 ¶¶ 22, 32. Because the same
jurisdictional inquiry applies whether Sanders removed under § 1441
or § 1452, the Court need not address distinctions between the two
sections.

contends that the Contour Plan bars Plaintiffs' claims because they are derivative claims that belonged to the bankruptcy estate of Contour and were released by the Contour Plan. *See* Document No. 9 ¶¶ 24, 26.[3] Because the Confirmation Order contains a retention of jurisdiction provision, Sanders argues, this Court has bankruptcy jurisdiction to enforce the Confirmation Order, which Sanders alleges "specifically disposed of" Plaintiffs' claims, by dismissing Plaintiffs' claims. *See* Document Nos. 1 ¶¶ 9-10; 9 ¶¶ 26-28; 14.

Plaintiffs contend that their claims do not fall within the bankruptcy statute's jurisdictional grant and that removal was therefore improper. Plaintiffs argue that they are asserting direct, non-debtor, state-law claims against non-debtor Defendants in their individual capacities for their own allegedly wrongful conduct, and that these claims do not relate to either the Contour bankruptcy or the Contour Plan. *See* Document Nos. 6 ¶¶ 2, 8; 10 ¶¶ 1-5.[4]

---

[3] The Contour Plan contains a "Limited Release" provision, which states in part: "Debtors hereby release any and all claims that they may possess against (i) the officers and directors of the Debtors holding office at any time prior to the effective date . . . for any act or omission occurring up to the Effective Date, including acts or omissions in connection with, or arising out of, . . . the Plan . . . except for willful misconduct or gross negligence . . . ." Document No. 9 ex. B § 11.6.

[4] Plaintiffs also assert the following alternative arguments for remand: (1) the removal was procedurally defective because (a) it was not filed within thirty days after service on the first defendant, as 28 U.S.C. § 1446 requires, and (b) the other served

## II.  <u>Discussion</u>

A state court action may be removed to federal court only if the action could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants"); *see also* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . if [the] district court has jurisdiction of such claim or cause of action under section 1334"). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing federal jurisdiction rests upon the defendant. *See* <u>Winters v. Diamond Shamrock Chemical Co.</u>, 149 F.3d 387, 397 (5th Cir. 1998); <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *See* <u>Bosky v. Kroger Tex., LP</u>, 288 F.3d 208, 211 (5th Cir. 2002).

To determine whether a lawsuit involves a federal question, courts generally follow the well-pleaded complaint rule.

---

defendants failed to join in the removal in violation of the rule of unanimity; (2) the Court should abstain from hearing this case under the abstention provisions of 28 U.S.C. § 1334(c); and (3) the Court should remand the case on equitable grounds pursuant 28 U.S.C. § 1452(b). *See* Document Nos. 6 ¶¶ 5, 9; 10 ¶¶ 12-14. Because the case must be remanded on jurisdictional grounds, the alternative arguments need not be considered.

<u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186, 188 (5th Cir. 2001).  Under the well-pleaded complaint rule, the plaintiff is the master of his complaint.  <u>Carpenter</u>, 44 F.3d at 366.  Thus, "'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'"  <u>Terrebonne</u>, 271 F.3d at 188 (quoting <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987)).  "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking [and removal is improper]."  <u>Hart v. Bayer Corp.</u>, 199 F.3d 239, 244 (5th Cir. 2000).

Although most cases involving the well-pleaded complaint rule involve federal question jurisdiction under 28 U.S.C. § 1331, courts consistently have applied the well-pleaded complaint rule to cases involving bankruptcy jurisdiction under 28 U.S.C. § 1334. *See*, *e.g.*, <u>Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC</u>, 357 F. Supp. 2d 529, 535 (E.D.N.Y. 2004) ("It is well-established that the well-pleaded complaint rule applies both to federal question jurisdiction . . . and to bankruptcy juris-diction"); <u>Liberty Mut. Ins. Co. v. Lone Star Indus., Inc.</u>, 313 B.R. 9, 16 (D. Conn. 2004) (noting that there are no decisions "altering, with respect to bankruptcy law, the 'well-pleaded complaint rule,' or the requirement that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (citations omitted);

Transsouth Fin. Corp. v. Murry, 311 B.R. 99 (M.D. Ala. 2004) (applying well-pleaded complaint rule and holding that defendant's argument that plaintiff's claims were barred by res judicata effect of confirmed plan did not confer bankruptcy jurisdiction on federal court); In re LJM2 Co-Investment, L.P., 319 B.R. 495, 501 (Bankr. N.D. Tex. 2005) (holding that well-pleaded complaint rule applies to bankruptcy jurisdiction under § 1334); In re Conseco, Inc., 318 B.R. 425, 431 (Bankr. N.D. Ill. 2004) (same); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.15[8][b] (3d ed. 2004) ("Bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, which requires that the basis of federal jurisdiction be discernable from matters alleged in the complaint."). The authorities are persuasive that the well-pleaded complaint rule should be applied in determining whether this Court has removal jurisdiction over Plaintiffs' Original Petition.

Sanders contends that the Court has jurisdiction over Plaintiffs' claims based on the retention of jurisdiction provision in the Confirmation Order and based on the bankruptcy court's authority under the Bankruptcy Code to clarify and enforce its own orders. See Document No. 1 ¶ 10. "However, the source of the [district] court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the [district] court's jurisdiction is 28 U.S.C. § 1334." In re U.S. Brass Corp., 301 F.3d 296, 303 (5th Cir. 2002) (citations

omitted).    Under   §   1334,   the   district   court's   bankruptcy
jurisdiction   extends   to   four   types   of   bankruptcy   matters:
"(1) 'cases under title 11,' (2) 'proceedings arising under title
11,' (3) proceedings 'arising in' a case under title 11, and
(4) proceedings 'related to' a case under title 11." In re Brass,
301 F.3d 296, 303 (5th Cir. 2002) (interpreting 28 U.S.C.
§ 1334(a)-(b)).    The first category refers to the bankruptcy
petition itself. Id. at 303-04 (citing In re Wood, 825 F.2d 90, 92
(5th Cir. 1987)).    The second, third, and fourth categories
"operate   conjunctively   to   define   the   scope   of   jurisdiction.
Therefore, it is only necessary to determine whether a matter is at
least 'related to' the bankruptcy." Id. at 304 (quoting Wood, 825
F.2d at 93).

        Section 1334 does not describe what proceedings are "related
to" a bankruptcy.  The Fifth Circuit has explained that generally
"a proceeding is 'related to' a bankruptcy if 'the outcome of that
proceeding could conceivably have any effect on the estate being
administered in bankruptcy.'" Brass, 301 F.3d at 304 (quoting
Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).  The
Fifth  Circuit  acknowledges,  however,  that  this  standard  is
difficult  to  apply  to  cases  that  arise  after  the  debtor's
reorganization plan has been confirmed because, technically, the
bankruptcy estate no longer exits. See Brass, 301 F.3d at 304; In
re Craig's Stores of Tex., Inc., 266 F.3d 388, 390 (5th Cir. 2001).

Thus, the Fifth Circuit has adopted a narrow test for jurisdiction in the post-confirmation context: "After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, *other than for matters pertaining to the implementation or execution of the plan*." <u>Brass</u>, 301 F.3d at 304 (quoting <u>Craig's Stores</u>, 266 F.3d at 390-91 (emphasis added) (rejecting "expansive" theory that post-confirmation jurisdiction exists where a proceeding could have a conceivable effect on the debtor's ability to consummate the confirmed plan)).

Sanders contends that Plaintiffs' claims against Defendants are derivative claims that were released by the Contour Plan and were therefore disposed of in the Confirmation Order. *See* Document Nos. 9 ¶¶ 24-26; 14.  In other words, Sanders raises the Contour Plan, and the subsequent Confirmation Order, as defenses to Plaintiffs' claims.  However, in deciding Plaintiffs' motion to remand, the Court must apply the well-pleaded complaint rule and determine whether a matter pertaining to the implementation or execution of the Contour Plan has been raised on the face of Plaintiffs' Original Petition, without considering any defenses Sanders may have.  Thus, assuming arguendo that the defenses raised by Sanders provide a basis for federal jurisdiction under § 1334, Sanders was not entitled to remove Plaintiffs' claims on the basis of those defenses. *See*, *e.g.*, <u>In re LJM2</u>, 319 B.R. at 500-01, 504 (holding that because plaintiffs' petition did not contain a basis

for federal jurisdiction, an affirmative defense of collateral estoppel of a bankruptcy court order could not be used to establish a federal question for removal) (citing <u>Rivet v. Regions Bank of La.</u>, 118 S. Ct. 921, 926 (1998) ("[C]laim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b).  Such a defense is properly made in the state court proceedings")).  Rather, Plaintiffs' Original Petition must, on its face, pertain to the implementation or execution of the Contour Plan in order to confer bankruptcy jurisdiction on this Court.

In their Original Petition, Plaintiffs assert various state-law tort claims against Defendants in their individual capacities as former officers and directors of Contour for their own allegedly wrongful and/or tortious conduct, and seek damages from Defendants individually.  *See* Document No. 1 ex. A.  Plaintiffs do not assert claims against Contour, and Plaintiffs do not purport to bring claims on behalf of Contour.[5]  Moreover, Plaintiffs' Original Complaint neither seeks property from the Contour bankruptcy estate nor seeks to recover property for the benefit of the Contour bankruptcy estate, which has ceased to exist.  Finally, Plaintiffs do not seek to modify or revoke the Contour Plan, and Plaintiffs do

---

[5] Even if Defendants are correct that Plaintiffs' claims are in fact derivative in nature, an issue of state law that this Court does not address, Plaintiffs' Original Petition still fails to raise a federal question on its face.

9

not ask the Court to interpret or enforce the Contour Plan or the Confirmation Order.    That Sanders may have defenses based on interpretation of the Contour Plan and/or the Confirmation Order does not convert Plaintiffs' purely state law claims into claims within the Court's bankruptcy jurisdiction.[6]    In sum, Plaintiffs' claims do not contain a federal question.    Rather, they are state law tort claims, with remedies requested against non-debtors as available under state law.    Because nothing on the face of Plaintiffs' Original Petition arises under the Bankruptcy Code or relates to either the Contour bankruptcy or the Contour Plan, there is no federal bankruptcy jurisdiction over Plaintiffs' claims.

III.  <u>Order</u>

For the foregoing reasons, it is

ORDERED that Plaintiffs' Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 270th Judicial District Court of Harris County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

---

[6]  Indeed, the Court notes that "bankruptcy plans of reorganization, no matter how complicated, are contracts which can be interpreted by other courts of competent jurisdiction.  Orders of bankruptcy courts, like those of other courts, can also be interpreted by other courts of competent jurisdiction.  Thus, state courts are qualified to interpret the language of bankruptcy plans and orders and routinely engage in such interpretation."  <u>In re Kmart Corp.</u>, 307 B.R. 586, 596 (Bankr. E.D. Mich. 2004) (citations omitted).

The Clerk will mail a certified copy of this Memorandum and Order to the Clerk of the 270th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 16th day of May, 2005.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

11